**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 25 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALVIN RANKIN, Jr., | No. 14-15634 |
| Petitioner - Appellant, | D.C. No. 3:09-cv-00145-LRH-VPC |
| v. | |
| JACK PALMER and NEVADA ATTORNEY GENERAL, | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted August 11, 2015
San Francisco, California

Before: REINHARDT, TASHIMA, and CALLAHAN, Circuit Judges.

Nevada state prisoner Alvin Rankin, Jr. appeals the district court's denial of

his writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 2253 and

review the denial of his writ de novo. *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th

Cir. 2005). We affirm.

_____

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Just after midnight on July 3, 2004, Victor Sangines, his brother Mario, and friend Jesus Lara were robbed at gunpoint by two men in a dimly lit parking lot behind the Sangines' apartment. One of the robbers shot Lara in the arm before they fled. Victor called 911 and he continued to deal with the authorities as Mario and Lara were receiving medical attention. A few minutes later, a police officer stopped Rankin half a mile away because he appeared to the officer to resemble Victor's description of one of the robbers. Rankin looked like he had been running: he was sweaty, dirty, and scraped. After rejecting several other suspects, Victor identified Rankin as the robber he had observed.

Rankin was convicted of armed robbery and brings two challenges. First, he argues that he was prejudiced by the trial court's limits on his cross-examination of a police witness. Second, he contends that his lawyers were ineffective for failing to get his clothes tested for gunpowder or blood spatter, because a negative test result might have helped show that he was not a participant in the robbery.

At trial, all three victims identified Rankin as one of the robbers. Rankin maintained that he was not involved. He noted that Mario and Lara had identified him only in court, not in a line up or photo array, which would have been far more reliable. Rankin also pointed to discrepancies between Victor's initial description of the robber (5'10", 185 lbs, wearing a red shirt) and his actual appearance (5'6",

145 lbs, wearing a black shirt). The trial court, commendably, allowed Rankin to call an expert witness to explain to the jury that eyewitness identification is often unreliable, particularly where the witness was under substantial stress during the incident. Nevertheless the jury found Rankin guilty.

The court exhibited little interest in Rankin's attempt to show that the police investigation had been shoddy. During cross-examination of a police witness, the court blocked Rankin's counsel from eliciting testimony that the officers had not tested Rankin for gunpowder or blood spatter, which might have tended to show that he had not taken part in the robbery. On direct appeal, the Nevada Supreme Court found that limiting Rankin's cross-examination violated his Sixth Amendment rights, but that the error was harmless beyond a reasonable doubt in light of the "convincing" evidence against him. *Rankin v. State*, No. 45697, slip op. at 5 (Nev. Nov. 13, 2006) (citing *Chapman v. California,* 386 U.S. 18, 24 (1967)). The Nevada Supreme Court "note[d] that Rankin was identified as a participant in the robbery by three different eyewitnesses," and that he was found close to the scene looking like he had been running from a crime. *Id.* Rankin challenges this harmlessness finding.

Like the district court, we find the prosecution's evidence less compelling than did the Nevada Supreme Court, particularly with respect to the value of Mario

3

and Lara's in-court identifications. Still, Victor's identification, after he rejected multiple other suspects, along with Rankin's appearance when he was detained was sufficient evidence to persuade the jury of his guilt beyond a reasonable doubt. The additional cross-examination would not have affected the balance of the evidence. This is not a case in which the court blocked Rankin from introducing evidence that someone else committed the crime and that the police did not follow up on it. Instead, the police's failure to perform two possibly relevant tests was only weakly probative of Rankin's innocence or guilt. We cannot say that the Nevada Supreme Court was unreasonable within the wide latitude given by 28 U.S.C. § 2254(d) in concluding that the error was harmless beyond a reasonable doubt. *See Davis v. Ayala*, 135 S. Ct. 2187, 2199 (2015).

Rankin also contends that his lawyers were ineffective in refusing his request that they test his clothes for gunpowder and blood spatter. The state court misunderstood Rankin's claim, deciding that it would have been pointless for Rankin's trial counsel to test his hands for gunpowder because that lawyer was not appointed until sixth months after the robbery, when any trace of gunpowder would be long gone from Rankin's body. *Rankin v. State*, No. 50277, slip op. at 4 (Nev. Mar. 3, 2009). Thus we agree with the district court that the state court did not decide the issue on the merits (or if it did, it applied federal law unreasonably);

4

therefore, we examine de novo Rankin's claim under *Strickland v. Washington*, 466 U.S. 668 (1984). *See also Lafler v. Cooper*, 132 S. Ct. 1376, 1390 (2012) (finding de novo review under *Strickland* was warranted in part because "the state court [only] made . . . irrelevant observation[s] and mischaracterized respondent's claim").

Under *Strickland*, Rankin bears the burden of showing both that his lawyers were ineffective and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. Regardless of whether Rankin has shown ineffective assistance, he has not demonstrated prejudice because he has not established, even roughly, how exculpatory a negative test result would have been. We cannot assess the likelihood that, if Rankin was the shooter or else was within in a few feet of the shooter, his clothes would have tested positive for gunpowder or blood spatter. There is nothing in the record on this question and these are hardly facts that come within our everyday experience. Nor has the clothing actually been tested, so we have no idea whether there was residue on it or not.

This absence of evidence prevents us from determining that Rankin carried his burden as to prejudice. Rankin's failure to do so is conceivably attributable to his not having representation during the state court's evidentiary hearing, but he

does not argue in his briefs before this Court that this excuses his failure to put sufficient evidence into the record. Nor does he challenge the district court's refusal to conduct an evidentiary hearing.[1] Accordingly, any potential excuses for Rankin's failure to carry his evidentiary burden are waived. *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005) (failure to raise an issue in the opening brief generally waives it and "we will not apply an exception on our own accord").

Although this case is not one in which the eyewitness identification is particularly strong, the jury made a finding that we are not free to reverse, particularly under the stringent rules that the Supreme Court has held to be controlling under AEDPA. Accordingly, whether or not there may be a possibility that Rankin is innocent, we are compelled by controlling Supreme Court decisions to affirm the district court's denial of the writ.

**AFFIRMED**.

---

[1]Rankin made a general request for "a hearing at which proof may be offered concerning the [various] allegations in" his Third Amended Petition before the district court, but he similarly did not argue below that his lack of representation at the state evidentiary hearing had inhibited him from creating a proper record in general or concerning forensic testing.

6

***Alvin Rankin Jr v Jack Palmer 14-15634***

Callahan, Circuit Judge, concurring:

I concur in the majority's result.